# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Paducah Division**

| | | |
|---|---|---|
| Stan Evans | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.  5:13-CV-1-R |
| | ) | |
| LVNV Funding, LLC. | ) | |
|     *Defendant* | ) | |
| | ) | |
| Serve: | ) | |
| | ) | |
|     The Corporation Trust Co. | ) | |
|     Corporation Trust Center | ) | |
|     1209 Orange Street | ) | |
|     Wilmington, DE 19801 | ) | |
| | ) | |
| Resurgent Capital Services, LP | ) | |
|     *Defendant* | ) | |
| | ) | |
| Serve: | ) | |
| | ) | |
|     C T Corporation System | ) | |
|     306 W. Main St. | ) | |
|     Suite 512 | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| The Brachfeld Law Group, PC | ) | |
|     *Defendant* | ) | |
| | ) | |
| Serve: | ) | |
| | ) | |
|     CSC-Lawyers Inc. Service | ) | |
|     2710 Gateway Oaks Dr. | ) | |
|     Suite 150N | ) | |
|     Sacramento, CA 95833 | ) | |
| | ) | |

| | |
|---|---|
| Asset Acceptance, LLC<br>    *Defendant*<br><br>Serve:<br><br>    C T Corporation System<br>    306 W. Main St.<br>    Suite 512<br>    Frankfort, KY 40601 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# **COMPLAINT and DEMAND FOR JURY TRIAL**

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §§ 1681-1681u ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA"), in connection with a defaulted debt. Plaintiff seeks actual and statutory damages.

2. LVNV purchased a charged-off credit card debt that Mr. Evans incurred with Citibank South Dakota, N.A. The credit card was branded as a Sears credit card. The balance due on the card was less than $10,500 when Sears charged it off in February of 2009. On December 31, 2011, Brachfeld, on behalf of Resurgent, sent Mr. Evans a dunning letter claiming thousands of dollars more was due on the same Sears credit card than was due on the credit card on the date it was charged off. Brachfeld used the inflated value of the Sears credit card debt to negotiate a settlement of $4,500 from Mr. Evans to settle the debt. After receiving the settlement payment as agreed, LVNV continues to report negative information on Mr. Evans credit report. LVNV, Resurgent, and Brachfeld violated the FDCPA by attempting to collect interest on a debt that was not authorized by agreement or permitted by law. LVNV also violated the FDCPA and FCRA by reporting false negative information concerning Mr. Evans to credit reporting agencies.

3. The Federal Trade Commission brought suit against Asset Acceptance on January 30, 2012. The next day, the parties entered the Consent Decree in which Asset Acceptance agreed *inter alia* that, when it was attempting to collect that was passed the applicable statute of limitations, Asset Acceptance would notify the consumer that it would not attempt to sue the consumer debtor to collect the debt. On May 14, 2012, Asset Acceptance sent Mr. Evans a dunning letter attempting to collect a time-barred debt without giving him the required notice. Asset Acceptance's dunning letter also attempted to collect interest on the debt that is neither authorized by agreement nor permitted by law. Asset Acceptance violated the FDCPA by attempting to collect by attempting to collect interest on a debt that was not authorized by agreement or permitted by law and by sending Mr. Evans a dunning letter without the notice required by the Consent Decree.

## JURISDICTION

4. Jurisdiction of this court arises under 15 U.S.C. §§ 1681p, 1692k(d) and 28 U.S.C. § 1331.

## PARTIES

5. Plaintiff, Stan Evans, is a natural person who resides in Trigg County, Ky. Mr. Evans is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6. Defendant, LVNV Funding, LLC ("LVNV"), is a foreign limited liability company, which is not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth. LVNV's principal place of business is Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187.

7. LVNV regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Resurgent Capital Services, LP ("Resurgent"), is a foreign limited partnership, which is registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other debt collectors such as LVNV. Resurgent's principal place of business is 15 S. Main St., #400, Greenville SC, 29601.

9. Resurgent is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

10. Defendant, The Brachfeld Law Group, PC ("Brachfeld") is a foreign professional corporation, which has not registered with the Kentucky Secretary of State, and is engaged in the business of collecting debts on behalf of other debt collectors such as LVNV. Brachfeld's principal place of business is 880 Apollo Street, Suite 155, El Segundo, CA 90245.

11. Brachfeld is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

12. Defendant, Asset Acceptance, LLC ("Asset Acceptance"), is a foreign limited partnership, which is registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth. Asset Acceptance's its principal place of business is 28405 Van Dyke Ave, Warren, MI 48093.

13. Asset Acceptance is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

### I.   The Relationship between LVNV and Resurgent

14. Even though LVNV engages in substantial and significant debt collection activity across the country, LVNV apparently has no employees. *See* Statement of Material Facts filed as Dkt. #69 in *Randall v. Nelson & Kennard*, 2:09-cv-00387 (D.Ariz. filed Aug. 9, 2010).

15. Resurgent services LVNV's debt collection "pursuant to a written agreement and power of attorney." *Id.*

### II.   Facts Relating to LVNV, Resurgent, and Brachfeld

16. Sometime in 2005, Mr. Evans opened up a Sears credit card that was issued and serviced by Citibank South Dakota, N.A.

17. Mr. Evans used his Sears credit card for personal and household purposes making it a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

18. Like many of his fellow citizens, Mr. Evans fell on hard financial times in connection with the Great Recession that hit the entire civilized world in 2008.

19. As result of his financial difficulties, Mr. Evans defaulted on his Sears credit card.

20. According to Mr. Evans' credit report, Sears charged the credit card off in February of 2009 with a balance due of less than $10,500.00.

21. LVNV purchased the Sears credit card debt in December of 2009.

22. On December 31, 2011, Brachfeld, on behalf of Resurgent, sent Mr. Evans a dunning letter that stated the balance on the Sears credit card debt was $12,383.08, which is thousands of dollars more than was due on the Sears account on the date of charge off. (A copy of the December 31, 2011 letter is attached as an exhibit to the Complaint).

23. The December 31st dunning letter noted that Brachfeld and Resurgent agreed to accept $4,500.00 to settle the Sears credit card debt.

24. Mr. Evans later paid and Brachfeld and Resurgent accepted Mr. Evans' settlement payment.

25. LVNV continues to report negative information about the Sears credit card debt to credit reporting agencies.

26. LVNV's negative information incorrectly notes an opening date of December 2009, which creates a false date that triggers the last reporting date of the debt.

27. LVNV's negative information also states that the account was legally paid in full but for less than the full balance.

28. Upon information and belief, LVNV had no legal right to charge or impose interest on Mr. Evans' Sears credit card debt.

29. Brachfeld's/Resurgent's settlement agreement with Mr. Evans was based on an inflated account value.

30. Brachfeld's/Resurgent's settlement agreement with Mr. Evans implicitly included an agreement to remove negative credit information from Mr. Evans' credit report.

### III. Facts Relating to Asset Acceptance

31. On May 14, 2012, Asset Acceptance sent Mr. Evans a dunning letter that states in pertinent part:

```
Asset Acceptance, LLC                Toll Free 877-850-0053 Ext. 0
                                                      PO Box 2036
                                                 Warren, MI 48090-2036

May 14, 2012                                          First Notice

Re: BANK OF AMERICA
Original Creditor Acct #: XXXXXXXXXXXX4675
Asset Acceptance, LLC Acct #: 12-2243027
Current Balance: $2762.72
Date of Last Payment to Original Creditor: February 19, 2009

Dear Stan Evans:

Asset Acceptance, LLC purchased and now owns the account referenced above. We would like to work with
you to resolve this debt. Therefore, communications and payments regarding this account should not be made
to Bank Of America. Please call the toll free number listed below for additional information and refer to the
payment coupon below for payment information.

The Current Balance may vary due to payments and/or the accrual of interest.
```

A copy of the May 14, 2012 letter is attached as an exhibit to the Complaint.

32. Mr. Evans used the Bank of America credit card referred to in the May 14th letter for personal and household purposes, making Asset Acceptance Account # 12-2243027 a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

33. The May 14th letter plainly states that the last payment on the Bank of America credit card account was made on February 19, 2009, which is over three years before Asset Acceptance sent Mr. Evans the May 14, 2012 dunning letter.

34. Bank of America credit cards are in fact owned and serviced by a national bank called "FIA Card Services, N.A." ("FIA").

35. FIA's headquarters is located in Wilmington, Delaware.

36. Delaware's statute of limitations for collection of credit card debt is three years.

37. FIA's and hence Asset Acceptance's cause of action against Mr. Evans accrued in Delaware.

38. Delaware's statute of limitations applies to Asset Acceptance's cause of action against Mr. Evans pursuant to Kentucky's borrowing statute, KRS 413.320.

39. Thus, Asset Acceptance's cause of action in Account # 12-2243027 against Mr. Evans was barred by the applicable statute of limitations when Asset Acceptance sent Mr. Evans the dunning letter on the account on May 14, 2012.

40. Asset Acceptance's May 14, 2012 letter fails to advise Mr. Evans that the statute of limitations would bar its claim against him in court and that Asset Acceptance would therefore not sue him to collect the debt.

41. Asset Acceptance, LLC recently reached a settlement agreement with the Federal Trade Commission in which it expressly agreed to provide certain additional consumer protections in its collection of debts, including advising debtors that it will not bring suit in cases where the statute of limitations would bar any legal action.

42. According to FTC's official website:

> The FTC's nine-count complaint charged Asset Acceptance with:
>
> - misrepresenting that consumers owed a debt when it could not substantiate its representations;
>
> - **failing to disclose that debts are too old to be legally enforceable or that a partial payment would extend the time a debt could be legally enforceable**;
>
> - providing information to credit reporting agencies, while knowing or having reasonable cause to believe that the information was inaccurate;
>
> - failing to notify consumers in writing that it provided negative information to a credit reporting agency;
>
> - failing to conduct a reasonable investigation when it received a notice of dispute from a credit reporting agency;
>
> - repeatedly calling third parties who do not owe a debt;
>
> - informing third parties about a debt;
>
> - using illegal debt-collection practices, including misrepresenting the character, amount, or legal status of a debt; providing inaccurate information to credit reporting agencies;

> and making false representations to collect a debt; and
>
> - failing to provide verification of the debt and continuing to attempt to collect a debt when it is disputed by the consumer.

http://www.ftc.gov/opa/2012/01/asset.shtm (visited 2/26/12) (emphasis added) (a copy of the Asset Acceptance, LLC Consent Decree can be found at http://www.ftc.gov/os/caselist/0523133/ 120130assetcmpt.pdf.).

43. In explaining the terms of the settlement agreement, the FTC announced:

> One of the nation's largest consumer debt buyers has agreed to pay a $2.5 million civil penalty to settle Federal Trade Commission charges that it made a range of misrepresentations when trying to collect old debts. In addition, the company, **Asset Acceptance, LLC, has agreed to tell consumers whose debt may be too old to be legally enforceable that it will not sue to collect on that debt.**

*Id.* (emphasis added).

44. Upon information and belief, on the date Bank of America/FIA sold the credit card debt, the amount due on the debt was less than the $2,762.72 demanded in Asset Acceptance's May 14, 2012 letter.

45. Upon information and belief, the sale of the Bank of America/FIA credit card debt to Asset Acceptance did not include the transfer of any contract rights.

46. Upon information and belief, Asset Acceptance has no legal right to impose or accrue interest or other fees on Account # 12-2243027.

**Claims for Relief:**

**I.    Violation of the Fair Debt Collection Practices Act**

47. The foregoing acts and omissions of LVNV, Resurgent, and Brachfeld constitute violations of the FDCPA, including, but not limited to:

(a)    LVNV, Resurgent, and Brachfeld violated 15 U.S.C. § 1692f and 15 U.S.C. § 1692e by inflating the amount due on Mr. Evans' Sears credit card in order to induce him to agree to an increased settlement amount;

(b)    LVNV, Resurgent, and Brachfeld violated 15 U.S.C. § 1692f(1) by attempting to collect a debt that was not permitted by law by, including but not limited to, demanding interest without a legal or contractual basis for collecting interest;

      (c)    LVNV violated 15 U.S.C. § 1692e(5) by, including but not limited to, demanding interest without a legal or contractual basis for collecting interest;

      (d)    LVNV, Resurgent, and Brachfeld violated 15 U.S.C. § 1692e(2)(A) by, including but not limited to, falsely representing the character, amount, and/or legal status of the debt upon by including but not to limited to demanding and including interest on claim on which it had no right to charge interest; and

      (e)    LVNV violated 15 U.S.C. § 1692f and 15 U.S.C. § 1692e by reporting false and negative information to credit reporting agencies concerning Mr. Evans.

48.    The foregoing acts and omissions by Asset Acceptance violated the FDCPA. Asset Acceptance's violations include, but are not limited to, the following:

      (a)    Asset Acceptance violated 15 U.S.C. §§ 1692f and 1692e by attempting to collect a debt owed by Mr. Evans on which the statute of limitations was a complete defense without advising him that it was attempting to collect on a debt that would be barred by the statute of limitations and that it would not sue him to collect that debt as required by the FTC Consent Decree;

      (b)    Asset Acceptance violated 15 U.S.C. § 1692f(1) by attempting to collect a debt that was not permitted by law by, including but not limited to, demanding interest without a legal or contractual basis for collecting interest;

      (c)    Asset Acceptance violated 15 U.S.C. § 1692e(5) by, including but not limited to, demanding interest without a legal or contractual basis for collecting interest; and

      (d)    Asset Acceptance violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and/or legal status of the debt upon by, including but not to limited to, demanding and including interest on claim on which it had no right to charge interest.

## II.    Violation of the Fair Credit Reporting Act

49.    The foregoing acts and omissions of LVNV Funding, LLC constitute violations of the FCRA, including, but not limited to:

      LVNV knowingly and intentionally violated its duty to report accurate information to credit reporting agencies as required under 15 U.S.C.A. § 1681s-2. Consequently, LVNV is liable to Mr. Evans for statutory damages of $1,000 or the actual damages hee has sustained by reason of its violation of the FCRA—whichever is greater, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Stan Evans, requests that the Court grant the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff statutory damages;

3. Award Plaintiff reasonable attorney's fees and costs

4. A trial by jury; and

5. Such other relief as may be just and proper.

        Respectfully Submitted,

        _____

        **James H. Lawson**
        *Lawson at Law, PLLC*
        10600 Timberwood Circle
        Suite 1
        Louisville, KY 40223
        (502) 473-6525
        Email: james@kyclc.com